UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**SOUTHERN DIVISION at LONDON**

| | |
|---|---|
| BRENDA K. MILLIGAN, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 6:08-83-JMH |
| ) | |
| v. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL ) | **MEMORANDUM OPINION AND ORDER** |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court upon cross-motions for summary judgment on the plaintiff's appeal of the Commissioner's denial of her application for Supplemental Security Income and Disability Insurance Benefits [Record Nos. 10, 11].[1]  The Court, having reviewed the record and being otherwise sufficiently advised, will deny the plaintiff's motion and grant the defendant's motion.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed for disability benefits on July 6, 2005, alleging an onset of disability of June 29, 2005, due to "back problems." [AR at 47-51, 72.]  Plaintiff's application was denied upon her initial application and upon reconsideration. [AR at 32-42.]  Upon Plaintiff's request, a hearing on her application was

---

[1]  These are not traditional Rule 56 motions for summary judgment.  Rather, it is a procedural device by which the parties bring the administrative record before the Court.

1

conducted on August 24, 2006, and her application was subsequently denied by Administrative Law Judge ("ALJ") James P. Alderisio on September 25, 2006. [AR at 12-20.] Plaintiff timely pursued and exhausted her administrative and judicial remedies, and this matter is ripe for review and properly before this Court under § 205(c) of the Social Security Act, 42 U.S.C. § 405(g). [*See* AR at 4-8.]

Plaintiff was forty-years-old at the time of the final decision by the ALJ. [AR at 13.] She has an eighth grade education and past work experience as a cashier and inventory work. [AR at 73, 77.] Plaintiff has not worked since the date of the alleged onset of her disability. [AR at 13.]

On March 22, 2006, and relying on the record assembled before him, the ALJ made the following findings of fact in determining that Plaintiff was not entitled to disability benefits:

> 1. The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through the date of this decision.
>
> 2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.
>
> 3. The claimant complaints of back pain and peroneal neuropathy are considered "severe" based on the requirements in the Regulations 20 CFR § 404.1520(c).
>
> 4. These medically determinable impairments do not meet or equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.
>
> 5. The undersigned finds the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.

>    6.  The claimant has the residual functional capacity for light work allowing for a sit/stand option every 45 minutes; occasional climbing of ramps or stairs; and no pushing or pulling with foot controls.
>
>    7.  The claimant is unable to perform any of her past relevant work (20 CFR § 404.1565).
>
>    8.  The claimant is a "younger individual between the ages of 18 and 44" (20 CFR § 404.1563).
>
>    9.  The claimant has "a limited education" (20 CFR § 404.1564).
>
>    10. The claimant does not have any acquired work skills which are transferable to the skilled or semiskilled work activities of other work.  (20 CFR § 404.1568).
>
>    11. The claimant has the residual functional capacity to perform a significant range of light work (20 CFR § 404.1567).
>
>    12. Although the claimant's exertional limitations do not allow her to perform the full range of light work, using Medical-Vocational Rule 202.18 as a framework for decision-making, there are a significant number of jobs in the national economy that she could perform.
>
>    13. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR § 404.1520(g)).

[AR at 19-20.]

**II.   OVERVIEW OF THE PROCESS**

The Administrative Law Judge ("ALJ"), in determining disability, conducts a five-step analysis:

>    1.  An individual who is working and engaging in substantial gainful activity is not disabled, regardless of the claimant's medical condition.
>
>    2.  An individual who is working but does not have a "severe" impairment which significantly limits his physical or mental ability to do basic work activities is not disabled.

>    3.   If an individual is not working and has a severe
>    impariment which "meets the duration requirement and is
>    listed in appendix 1 or is equal to a listed
>    impairment(s)", then he is disabled regardless of other
>    factors.
>
>    4.   If a decision cannot be reached based on current
>    work activity and medical facts alone, and the claimant
>    has a severe impairment, then the Secretary reviews the
>    claimant's residual functional capacity and the physical
>    and mental demands of the claimant's previous work.  If
>    the claimant is able to continue to do this previous
>    work, then he is not disabled.
>
>    5.   If the claimant cannot do any work he did in the
>    past because of a severe impairment, then the Secretary
>    considers his residual functional capacity, age,
>    education, and past work experience to see if he can do
>    other work.  If he cannot, the claimant is disabled.

*Preslar v. Sec'y of Health and Human Services*, 14 F.3d 1107, 1110 (6th Cir. 1994) (citing 20 CFR § 404.1520 (1982)).  "The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled." *Id.*  "If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Secretary."  *Id.*

**III. STANDARD OF REVIEW**

In reviewing the ALJ's decision to deny disability benefits, the Court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Instead, judicial review of the ALJ's decision is limited to an inquiry into whether the ALJ's findings were supported by substantial evidence, 42 U.S.C. § 405(g), *Foster v. Halter*, 279

F.3d 348, 353 (6th Cir. 2001), and whether the ALJ employed the proper legal standards in reaching his conclusion, see *Landsaw v. Sec'y of Health and Human Services*, 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip*, 25 F.3d at 286.

**IV. ANALYSIS**

As an initial matter, the Court notes that Plaintiff does not challenge the ALJ's finding with regard to the severity of her impairments or that her impairment or combination of impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. [*See* Plaintiff's Brief in Support, Record No. 10-2 at 4.] Indeed, the Court is at a loss as to the theory of Plaintiff's challenge of the ALJ's decision because, while while Plaintiff avers that "the claimant is unable to perform any gainful employment, available in significant numbers, in the national economy, as the evidence of records shows," she argues nothing more than that ALJ's determination of "the plaintiff's ineligibility for disability benefits was not supported by substantial evidence." [*Id.* at 2, 5.]

Where a Plaintiff does not develop an argument or identify specific aspects of the ALJ's decision that allegedly lack support in the record, the Sixth Circuit has:

5

> . . . decline[d] to formulate arguments on [claimant's] behalf, or to undertake an open-ended review of the entirety of the administrative record to determine (i) whether it might contain evidence that arguably is inconsistent with the Commissioner's decision, and (ii) if so, whether the Commissioner sufficiently accounted for this evidence. Rather, we limit our consideration to the particular points that [claimant] appears to raise in her brief on appeal.

*Hollon ex rel. Hollon v. Comm'r of Soc. Security*, 447 F.3d 477, 491 (6th Cir. 2006). This Court will do the same.

This Court is charged with determining whether there is substantial evidence in the administrative record to support the decision of the Commissioner that Plaintiff is not entitled to benefits for which her application was made and whether the Commissioner applied the correct legal standards. *See* 42 U.S.C. § 405(g); *Foster*, 279 F.3d at 353. As Plaintiff has not identified why she believes that the Commissioner's decision is not supported by substantial evidence or failed to apply the correct legal standard with regard to her claim, the decision rendered by the ALJ and adopted by the Commissioner shall affirmed.

**V.  CONCLUSION**

For the foregoing reasons, **IT IS ORDERED:**

(1) That the Commissioner's motion for summary judgment [Record No. 11] be, and the same hereby is, **GRANTED.**

(2) That the plaintiff's motion for summary judgment [Record No. 10] be, and the same hereby is, **DENIED.**

This the 5th day of February, 2009.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

7